UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD, INDIVIDUALLY AND AS TRUSTEE FOR THE RONALD & JEANETTE SCHOENFELD REVOCABLE TRUST,<br><br>Defendant and Judgment Debtor. | No. 2:21-mc-0080 KJM DB<br><br>ORDER |

On February 10, 2021, in criminal case No. 2:20-cr-0150 KJM judgment debtor Ronald Steven Schoenfeld was ordered to pay plaintiff United States of America, ("United States"), $1,476,295.15 in restitution, as well as a $100 statutory assessment. (ECF No. 1 at 2.) On March 17, 2021, the United States filed an application for a writ of garnishment against Schoenfeld's property.[1] (ECF No. 1.) On June 28, 2021, Jeanette Edler—Schoenfeld's spouse—filed a motion to intervene in this action and a motion to transfer venue.[2] (ECF Nos. 13 & 14.)

---

[1] This action is related to several other collection actions. (ECF No. 10.)

[2] On June 28, 2021 Edler and Schoenfeld also filed a motion to quash and objections to the writ of garnishment. (ECF No. 14.) Therein, they request a hearing on their objections if the motion to transfer is denied. (Id. at 11.) Because the motion to transfer is denied the undersigned will set this matter for a hearing on Schoenfeld and Edler's objections.

1

On August 5, 2021, the United States filed an opposition to those motions. (ECF No. 20.) On August 6, 2021, the motions were referred to the undersigned pursuant to Local Rule 302(c)(7). (ECF No. 21.) On September 3, 2021, Jeanette Edler filed a reply. (ECF No. 24.) The motions were taken under submission on September 7, 2021. (ECF No. 25.)

**I.      Motion to Intervene**

Edler "seeks to intervene to protect her interest in the property." (Mot. Int. (ECF No. 13) at 2.) Specifically, Edler asserts an interest "in the account[s] which the government seeks to garnish" which are held either solely or jointly by Edler and Schoenfeld. (Id. at 2.) An individual may intervene as of right where they "claim[] an interest relating to the property or transaction that is the subject of the action," and if they are "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Arizonans for Fair Elections v. Hobbs, 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting Fed. R. Civ. P. 24(a)(2)).

> To determine whether a party may intervene as of right, we employ a four-part test: (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties.

Allied Concrete and Supply Co. v. Baker, 904 F.3d 1053, 1067 (9th Cir. 2018) (quotation omitted). Courts are to "construe the Rule 'broadly in favor of proposed intervenors.'" Wilderness Soc. v. U.S. Forest Service, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)); see also U.S. v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) ("the requirements for intervention are broadly interpreted in favor of intervention").

Here, the undersigned finds that the motion is timely, having been brought within just a few months of the commencement of this action. See Alisal, 370 F.3d at 921 ("Timeliness is a flexible concept; its determination is left to the district court's discretion."). Moreover, Edler appears to have a significant protectable interest in this action, specifically "a community

////

property interest" in the accounts at issue. (Mot. Int. (ECF No. 13) at 2.) This action may impair or impede Edler's interest and Schoenfeld may not adequately represent Edler's interest.

Moreover, the United States does not argue that Edler's motion fails to satisfy the requirements for intervention of right. Instead, the United States argues that Edler's intervention "is unnecessary" because Edler "is already an interested party permitted to appear and participate[.]" (Pl.'s Opp.'n (ECF No. 20) at 6.) In support of this argument the United States relies on United States v. Kollintzas, 501 F.3d 796 (7th Cir. 2007).

In Kollintzas, the court found that a spouse's participation as an "interested person" in a similar debt collection action "was not improper[.]" (Id. at 801.) In Kollintzas, however, the spouse "never sought to be recognized as an intervening party," which the court recognized may "only be accomplished by motion." Id. at 800. Thus, the Kollintzas court explicitly determined it "need not decide whether intervention is ever appropriate in this situation[.]" Id. Here, Edler has brought a motion to intervene.

Moreover, it does not appear that Edler's status as an "interested person" precludes intervention. See United States ex rel. Cairns v. D.S. Medical, L.L.C., Case No. 1:12-CV00004 AGF, 2020 WL 7023967, at *3 (E.D. Mo. Nov. 30, 2020) ("Movants undisputedly have an interest in the real property that is subject to the abstracts of judgment, the Court does not believe that Defendants adequately represent that interest, and in any event, the Court would permit Movants to intervene under Rule 24(b)."); United States v. TDC Management Corp., Civil Action No. 89-1533 (JDB), 2012 WL 13075866, at *4 (D. D.C. July 30, 2012) ("Here, it is clear that WDG claims an interest in what the United States ultimately seeks to garnish -- any proceeds arising from a judgment or settlement between WDG and the District."); U.S. v. Brosseau, 446 F.Supp.2d 659, 660 (N.D. Tex. 2006) ("Because McGarry timely sought to intervene and protect his interest in the property at issue, the Court GRANTS McGarry's motion.").

Accordingly, Edler's motion to intervene is granted.[3]

////

---

[3] Having found that Elder is entitled to intervene of right the undersigned need not reach Edler's arguments as to permissive intervention.

3

## II.     Motion to Transfer Venue

Edler and Schoenfeld move that this action be transferred to the District of Arizona where they reside. (Mot. Tran. (ECF No. 14) at 2.) "The Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. §§ 3001–3308, sets forth the 'exclusive civil procedures for the United States to recover a judgment on an amount that is owing to the United States on account of restitution.'" U.S. v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations omitted). The FDCPA provides that if a debtor requests "within 20 days after receiving" notice of the United States' efforts to recover that the action be transferred to the district court for which the debtor resides the action "shall be transferred[.]" 28 U.S.C. § 3004.

Here, Edler and Schoenfeld were served with notice of the collection effort on March 26, 2021. (ECF No. 5.) The motion to transfer was not filed until June 28, 2021—well after the expiration of the 20-day deadline. (ECF No. 14.) And Edler and Schoenfeld concede that "more than 20 days have elapsed[.]" (Mot. Trans. (ECF No. 14) at 3.) Edler and Schoenfeld, however, assert that the United States granted them "an extension of time in which to respond[.]' (Id.) The United States asserts that it only "consented to extend 'objection deadlines' to the writ," but not "a blanket extension of time" to respond. (Pl.'s Opp.'n (ECF No. 20) at 3.)

The parties accept as true that the United States could informally extend the deadline for Edler and Schoenfeld to respond without the court's involvement. Perhaps that is true. But neither side has provided authority for that proposition. Cf., Austin v. Gagan, 39 F. 626, 626 (N.D. Cal. 1889) ("Subsequent extensions of time to answer by special orders of the court, or by stipulations of the parties, cannot extend the time to apply for a removal under the statute."). And the parties did not seek the court's approval to extend the time to respond or even notify the court of their stipulations. Cf. Georgopolous v. International Broth. of Teamsters, AFL-CIO, 164 F.R.D. 22, 23 (S.D. N.Y. 1995) ("defense counsel attributes his failure to file a timely answer to Plaintiffs' First Amended Complaint to defense counsel's reliance on a stipulation for an extension of time that was agreed to by the parties but that was never submitted to this Court").

Assuming *arguendo* that the United States could grant Schoenfeld and Edler an extension of time to move to transfer, and thus that the motion was timely, the undersigned would deny the

motion. In this regard, the FDCPA grants district courts "plenary authority to . . . 'deny[ ], limit [ ], condition[ ], regulat[e], extend[ ], or modify[ ] the use of any enforcement procedure,'" which includes the authority "to deny a timely transfer motion for good cause[.]" U.S. v. Mathews, 793 F.Supp.2d 72, 75 (D. D.C. 2011) (quoting U.S. v. Gipson, 714 F.Supp.2d 571, 576 (E.D. Va. 2010)).

The undersigned acknowledges that there is a split of authority as to this issue. See U.S. v. Peters, 783 F.3d 1361, 1364 (11th Cir. 2015) ("Under the plain language of the FDCPA, Peters's request required the district judge to transfer his case to California, where he is incarcerated."); U.S. v. Nash, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner.").

However, the "'great bulk of authority'" holds that the court may "deny a transfer request if the government shows 'good cause' for the denial." United States v. Green, Case No. 02-20019 JWL, 2019 WL 2764394, at *2 (D. Kan. July 2, 2019) (quoting United States v. Sethi, Civil Action No. 08-cv-0418 BNB MEH, 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014)); see, e.g., United States v. Montijo, 17-CR-518 (BCM), 2021 WL 2470507, at *3 (S.D. N.Y. May 19, 2021) ("many district courts have held – and continue to hold – that transfer is not mandatory, even when timely requested"); United States v. Place, Docket No. 00-30043-01, 2018 WL 3354971, at *4 (W.D. La. June 18, 2018) ("the FDCPA's transfer provision should not be read to strip the Court of its inherent authority to prevent waste and abuse of the judicial process, and that it retains the authority to deny a timely transfer request for good cause"); United States v. Cranston, Case No. CV 14-0662, 2014 WL 12607710, at *1 (C.D. Cal. Nov. 21, 2014) ("the majority of federal courts to address this issue treat the FDCPA's transfer provision as not mandatory").

Moreover, good cause exists to deny the motion to transfer. In this regard, having entered the restitution order as part of the judgment and conviction, this court is in the best position to interpret that order and has an interest in enforcing its own judgment. See U.S. v. Woods, No. 5:05-CR-0131 FL, 2010 WL 2510083, at *2 (E.D. N.C. Apr. 9, 2010) ("Transfer of this action to

the Middle District would be inconsistent with this Court's inherent and statutory authority to enforce its own judgments.").

Additionally, according to the United States Schoenfeld has failed "to make any payment whatsoever on his criminal monetary obligation[.]" (Pl.'s Opp.'n (ECF No. 20) at 5.) That, in combination with the length of time it took Schoenfeld and Edler to file the motion to transfer, raise some concern as to whether the motion is an attempt to delay the collection effort. See Gipson, 714 F.Supp.2d at 576 ("transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect").

Moreover, the reasons asserted by Schoenfeld and Edler in support of transfer are unpersuasive. In this regard, Schoenfeld and Edler argue that transfer is appropriate as they "are residents of Arizona," relevant evidence is "in Arizona," and the action raises issues that "implicate Arizona community property law." (Def.'s Reply (ECF No. 24) at 4.) These arguments, however, are vaguely asserted. Hearings and discovery proceedings are now commonly conducted remotely. See Montijo, 2021 WL 2470507, at *3 (denying transfer motion where "any necessary hearing could and would be held remotely, eliminating the risks and inconvenience of travel"). And "[t]his Court is capable of applying Arizona law[.]" F.T.C. v. Affiliate Strategies, Inc., No. 09-4104 JAR, 2012 WL 3111871, at *4 (D. Kan. July 31, 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Jeanette Edler's June 28, 2021 motion to intervene (ECF No. 13) is granted;
2. The June 28, 2021 motion to transfer (ECF No. 14) is denied; and

////
////
////
////
////
////
////

3. A hearing as to objections is set for **Friday, November 12, 2021, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned. The parties shall brief the hearing in compliance with Local Rule 230.[4]

Dated: September 28, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\USvSchoenfeld0080.mot.trans.ord

---

[4] Parties shall appear at the hearing either telephonically or over video conference through the Zoom application (which is free and must be downloaded to your computer or mobile device prior to the hearing). Parties proceeding in propria persona, on his or her own behalf, shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge at (916) 930-4128, no sooner than 4 days prior to the noticed or continued hearing date but no later than 48 hours prior to the hearing, to arrange their appearance either telephonically or over video conference. Counsel will receive an email containing the necessary appearance information and must notify the courtroom deputy no later than 48 hours prior to the hearing to elect to appear either telephonically or over video conference. The Zoom ID Number and password are confidential and are not to be given to anyone. Persons granted remote access to these proceedings, whether by Zoom or by telephone, are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.